

# NUMBER 13-15-00075-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

JUAN MANUEL ALFARO,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

## On appeal from the 389th District Court of
## Hidalgo County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Longoria**
**Memorandum Opinion by Justice Longoria**

Appellant Juan Manuel Alfaro appeals his conviction for one count of aggravated

robbery.  *See* TEX. PENAL CODE ANN. § 29.03(a), (b) (West, Westlaw through 2015 R.S.).

We affirm.

## I. BACKGROUND

In September of 2014, the State charged appellant by indictment with one count of aggravated robbery, a first-degree felony. *See id.* The State alleged in the indictment that while in the course of committing the offense of robbery, appellant caused bodily injury to Ranulfo Dantes Mar and used or exhibited a deadly weapon.

Appellant initially pled not guilty and rejected several plea offers from the State. However, appellant announced at the beginning of the trial on the merits that he was pleading guilty. The jury was instructed by the court to return a verdict of guilty and assess punishment. *See State v. Aguilera*, 165 S.W.3d 695, 698 n.6 (Tex. Crim. App. 2005) ("We note that we have held that a plea of guilty to the court results in a unitary trial."). The jury returned a verdict of guilty as they were instructed and assessed punishment at fifty years' imprisonment in the Institutional Division of the Texas Department of Criminal Justice and a $10,000 fine.

This appeal followed. As discussed below, appellant's court-appointed counsel has filed a motion to withdraw accompanied by an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 744 (1967).

## II. *ANDERS* BRIEF

Pursuant to *Anders v. California*, appellant's court-appointed appellate counsel has filed a brief and a motion to withdraw with this Court, stating that his review of the record yielded no grounds of error upon which an appeal can be predicated. *See id.* Counsel's brief meets the requirements of *Anders* as it presents a professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must

2

provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014), appellant's counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment.[1]  Counsel has informed this Court, in writing, that counsel has:  (1) notified the appellant that counsel has filed an *Anders* brief and a motion to withdraw; (2) informed the appellant of his rights to file a pro se response,[2] review the record preparatory to filing that response, and seek discretionary review if the Court concludes that the appeal is frivolous; and (3) provided the appellant with a form motion for pro se access to the appellate record, lacking only the appellant's signature and the date and including the mailing address for the court of appeals, with instructions to file the motion within ten days.  *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 319; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.

Appellant filed a motion for pro se access to the appellate record and a motion for extension of time to file his response.  We granted the motion with an order dated January 20, 2016 that provided that his pro se response was due thirty days after the record was

---

[1] Appellant's counsel informed us that he specifically considered whether:  (1) the trial court's denial of appellant's motion to suppress his statements was an abuse of discretion; (2) the trial court erred by refusing to instruct the jury pursuant to article 38.23 of the Texas Code of Criminal Procedure; and (3) sufficient evidence supported his conviction.  Counsel concluded that none of these issues were meritorious.

[2] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.  Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."  *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

provided to him. Appellant received the record on February 2, 2016.[3] The Court granted appellant four additional thirty-day extensions, but denied his fifth motion for extension of time because it was substantively identical to his previous motions and gave no new explanation for the delay. Appellant has not filed a *pro se* response with the Court to date. The State informed the Court by letter that it does not intend to file a brief in this case.

### III. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, we must conduct a full examination of all the proceedings to determine whether the case is wholly frivolous. *Penson v. Ohio,* 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. We have found no reversible error in the record.

### IV. MOTION TO WITHDRAW

In accordance with *Anders*, appellant's attorney has asked this Court for permission to withdraw as counsel for appellant. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("[I]f an attorney believes the appeal is frivolous, he

---

[3] The District Clerk's office informed the Court that it never received a receipt for the clerk's record. However, an employee of the District Clerk called the prison mailroom and confirmed that appellant received the clerk's record on the same date that he received the reporter's record: February 2, 2016.

must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw. Within five days of the date of this Court's opinion, counsel is ordered to send a copy of this opinion and this Court's judgment to appellant and to advise him of his right to file a petition for discretionary review.[4] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

## V. CONCLUSION

We affirm the trial court's judgment.

Nora L. Longoria
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
21st day of July, 2016.

---

[4] No substitute counsel will be appointed. Should appellant wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals and should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.3, 68.4.